PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. MORRISON, JR., ) | |
| ) | CASE NO. 4:21CV2111 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | [Resolving ECF Nos. 2 and 4] |

## I. Introduction

*Pro Se* Plaintiff William T. Morrison, Jr., a federal prisoner currently incarcerated in FCI Oakdale I in Louisiana, has filed a Complaint (ECF No. 1) against the United States of America under the Federal Tort Claims Act ("FTCA"). He was previously incarcerated at FCI Elkton ("Elkton"). The Complaint alleges claims for "negligent acts and/or omissions" relating to the conditions of confinement to which Plaintiff alleges he was subjected when he was an inmate at Elkton. ECF No. 1 at PageID #: 1, ¶1. Plaintiff alleges that he was subjected to overcrowded and other unsafe conditions during his detention at Elkton, including being denied adequate protection from the COVID-19 virus. He seeks monetary damages for injuries he contends he sustained. Plaintiff asserts his action is "potentially a class action." ECF No. 1 at PageID #: 1, ¶1.

(4:21CV2111)

Plaintiff has filed Motions to Proceed *in Forma Pauperis* (ECF No. 2) and "Requesting the Effectuation of Service" (ECF No. 4).

For the reasons that follow, Plaintiff's action is dismissed and his motions are denied as moot.

## II. Standard of Review

Because Plaintiff is suing a governmental entity, the Complaint (ECF No. 1) is subject to preliminary review under 28 U.S.C. § 1915A, which requires district courts to screen any complaint in which a prisoner seeks redress from a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under § 1915A).

## III. Discussion

### A.

Plaintiff has already filed a lawsuit against federal defendants challenging the conditions to which he contends he was subjected during his detention at Elkton, including COVID-19 and overcrowding. These are the same conditions that he alleges in the Complaint (ECF No. 1) in the case at bar. In September 2021, the district court entered a final judgment dismissing the prior

(4:21CV2111)

case. *Morrison v. Williams*, No. 4:19CV2676, 2021 WL 5260596 (N.D. Ohio Sept. 17, 2021) (Calabrese, J.).[1]  Plaintiff appealed the dismissal, and the appeal remains pending in the Court of Appeals for the Sixth Circuit.  See *Morrison v. Williams*, No. 21-4050 (6th Cir. filed Nov. 9, 2021).

The Complaint (ECF No. 1) in the present case is barred by the doctrine of *res judicata*, which prohibits a party from re-litigating claims and issues already decided in a prior case.  The doctrine of *res judicata* encompasses both claim and issue preclusion.  *Smith v. Morgan*, 75 Fed.Appx. 505, 506 (6th Cir. 2003) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996)).  "Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented." *Id.*  Claim preclusion applies when there is:  (1) "a final judgment on the merits" in a prior action; (2) "a subsequent suit between the same parties or their privies"; (3) an issue in the second lawsuit that should have been raised in the first; and, (4) the claims in both lawsuits arise from the same series of transaction.  *Wheeler v. Dayton Police Dept.*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

Although Plaintiff challenges the conditions of his confinement at Elkton under a different legal theory, *i.e.*, under the FTCA, than he asserted in his prior lawsuit, *res judicata*

---

[1] The Court may take judicial notice of public dockets and opinions issued by other courts.  *Bush v. Struthers Ohio Police Dept.*, No. 4: 19CV0768, 2019 WL 6914673, at *1 n. 2 (N.D. Ohio Dec. 18, 2019) (Pearson, J.).

3

(4:21CV2111)

bars his action. *See* Abuhouran v. United States, No. 4:06CV2505, 2007 WL 128908, at *3 (N.D. Ohio Jan. 12, 2007) (precluding plaintiff from litigating his claims for a second time using the same facts as set forth in a prior complaint, but asserting claims under the FTCA rather than *Bivens*). The negligence claims Plaintiff asserts stemming from the conditions of his confinement at Elkton pertain to the same series of transactions and occurrences as were implicated in his prior federal lawsuit and as to which there has been a final judgment on the merits; there is privity between Defendant United States of America and the defendants sued in the prior action (*i.e.*, the Warden at Elkton and the Federal Bureau of Prisons);[2] and Plaintiff could have raised negligence claims relating to the conditions he challenges in his prior case. Accordingly, Plaintiff is precluded from bringing this second action challenging the conditions to which he contends he was subjected at Elkton.

**B.**

Furthermore, the Complaint (ECF No. 1) fails to state a claim to the extent Plaintiff purports to represent other inmates or bring his complaint as a class action. *Pro se* litigants, such as the unrepresented Plaintiff in the case at bar, can "present only their own claims, not the claims of other prisoners who would make up the class." Garrison v. Mich. Dept. of Corr., 333 Fed.Appx. 914, 919 (6th Cir. 2009) (stating that a *pro se* litigant may not act in a representative

---

[2] A party is in privity for purposes of *res judicata* if it is a successor in interest to a party in a prior action, controlled the prior action, or is one "whose interests were adequately represented." United States v. Vasilakos, 508 F.3d 401, 406 (6th Cir. 2007) (quoting Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 481 (6th Cir. 1992)). The United States of America is in privity with the federal defendants sued in the prior action as they were represented by the Office of the United States Attorney which adequately represented the United States.

4

(4:21CV2111)

capacity); *see also* Ziegler v. Michigan, 59 Fed.Appx. 622, 624 (6th Cir. 2003) (stating that *pro se* prisoners generally cannot adequately represent a class); Marr v. State of Mich., No. 95-1794, 1996 WL 205582, at *1 (6th Cir. April 25, 1996) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.").

### IV.  Conclusion

For the foregoing reasons, the case at bar is dismissed in accordance with 28 U.S.C. § 1915A.  *See e.g.*, Butts v. Wilkinson, No. 96-4280, 1998 WL 152778, at *1 (6th Cir. March 25, 1998) (upholding dismissal of prisoner civil rights complaint pursuant to § 1915A based upon *res judicata* doctrine).  In light of this dismissal, Plaintiff's Motions to Proceed *in Forma Pauperis* (ECF No. 2) and "Requesting the Effectuation of Service" (ECF No. 4) are denied as moot.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| April 22, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |